## Lutz Estate

*George F. Douglas*, for petitioner.
*Joseph Glider*, contra.

KLEIN, P. J., October 29, 1954.—Sophia Katherine Lutz, also known as Sophie K. Lutz, died on November 2, 1953, leaving to survive her as next of kin, a number of nieces and nephews. On November 24, 1953, letters of administration were issued to Katherine Buck, one of the nieces. On January 14, 1954, the letters of administration were revoked and a will, dated March 29, 1927, was acepted for probate and letters testamentary were issued to Edgar J. Elliott, the executor named therein.

Shortly thereafter, a writing in the German language was found on an envelope dated August 26, 1935, which purports to be a will disposing of decedent's entire estate. Katherine Buck has filed an appeal to this court in an effort to probate this later writing.

On June 8, 1954, counsel entered into a stipulation consenting to the opening of the decree of probate to permit the register of wills to consider and act upon a petition for the probate of the alleged later writing. These proceedings are now pending before the register.

On June 11, 1954, Edgar J. Elliott, the executor, petitioned the court for a citation directed to Katherine Buck to show cause why she should not turn over to the petitioner, as executor, "the sum of $14,156.63, in cash and a certain promissory note in the sum of $2,000 given by the petitioner as an individual to the decedent during her lifetime." An answer was filed in which

respondent takes the position that the executor is not entitled to receive the funds of the estate at this time by reason of the consensual opening of the decree of probate.

It appears from the statement made by counsel at the bar of the court during the argument that Katherine Buck, as administratrix, advertised the grant of letters to her shortly after they were issued; that she paid the funeral bill and inheritance taxes, and that no claims have been presented by creditors. It appears, further, that bond was entered in the sum of $10,000 at the time of her appointment by Standard Accident Insurance Company. This bond was increased by direction of the court to $30,000.

There is considerable doubt as to the effect of the latter writing upon the operation of the will which has been probated. The executor, who was not related to testatrix, is not under bond and admittedly was indebted to her when she died. On the other hand, the administratrix, who is a niece and is supported in her position by all of the beneficiaries, has entered adequate corporate security to safeguard the assets in her possession. Under these circumstances, we all are of the opinion that the best interests of the parties concerned will be served by permitting Katherine Buck, the administratrix, to retain the assets of this estate, which are in her possession, until the litigation with respect to the later alleged writing is concluded.

We therefore enter the following

### Decree

And now, October 29, 1954, the argument on the petition of the executor, Edgar J. Elliott, and the answer filed thereto, is continued until the litigation referred to in the foregoing opinion is concluded, the assets of the estate now in the possession of Katherine Buck to remain in her custody meanwhile.